IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Gregory Coeyman,<br><br>    Plaintiff,<br><br>vs.<br><br>Lexington County; Lexington County Detention Center; James Metts, Sheriff Lexington County; Sgt. Linda Mickens; C.O. Troy Hall; C.O. Jeff Derrick; Correct Care Solutions; C.O. Felder; C.O. White,<br><br>    Defendants. | Civil Action No.: 8:08-2655-TLW-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants Lexington County and Lexington County Detention Center's Motion to Dismiss (Dkt. # 17) and the defendant Correct Care Solution's Motion for Summary Judgment (Dkt. # 26).

**Lexington County's Motion to Dismiss**

  On December 18, 2008, the defendants Lexington County and the Lexington County Detention Center ("LCDC) filed a motion to dismiss on the ground that they are not proper parties. The plaintiff filed a memorandum opposing this motion on January 14, 2009. (Dkt. # 23.)

  In regard to the defendant Lexington County, there is a long line of cases directly on point, that is, cases which hold that a sheriff is the sole law enforcement policymaker in his office, that a county has no control over a sheriff's law enforcement policies and activities, and consequently, that a county cannot be held liable for constitutional or other civil wrongs committed by a sheriff or his employees. *See, e.g., Knight v. Vernon*, 214 F.3d 544, 552-53 (4th Cir. 2000) (in § 1983 suit alleging that sheriff violated plaintiff's First

Amendment rights, the county was not a proper party); *Little v. Smith*, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000) (County not a proper defendant to § 1983 action alleging excessive force and improper training against Sheriff of Anson County and his deputies). Accordingly, Lexington County should be dismissed.

Further, as to the defendant the LCDC, the LCDC is also not a person subject to suit pursuant to § 1983. The LCDC is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth*., 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, LCDC is not a proper party defendant in this § 1983 action and should also be dismissed as a defendant.

**Correct Care's Motion for Summary Judgment**

On January 26, 2009, the defendant Correct Care Solutions filed a motion for summary judgment. On January 27, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On February 4, 2009, plaintiff filed a motion for extension of time to respond to the summary judgment, and an Order was issued giving the plaintiff until March 6, 2009, to file his response, but he failed to respond.

As the plaintiff is proceeding *pro se*, the court filed a second order on March 17, 2009, giving the plaintiff through April 9, 2009, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff still did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue his action

against the defendant Correct Care Solutions. Accordingly, it is recommended that the action against the defendant Correct Care Solutions be dismissed *with prejudice* due to the plaintiff' lack of prosecution and failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants Lexington County and Lexington County Detention Center's Motion to Dismiss (Dkt. # 17) be GRANTED; and the Defendant Correct Care Solutions be dismissed with prejudice pursuant to Rule 41(b).

s/Bruce Howe Hendricks
United States Magistrate Judge

April 16, 2009

Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).